UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy A. Rice<br>    a/k/a Timmy Allen Rice, | ) <br>) <br>) | C/A No.: 2:08-1390-GRA <br><br>**ORDER** |
| Petitioner, | ) | (Written Opinion) |
| v. | ) <br>) | |
| M. L. Rivera, Warden, | ) <br>) | |
| Respondent. | ) <br>) | |

This matter is before the Court on the petitioner's Motion for Reconsideration filed on September 29, 2008. The petitioner argues that according to the Supreme Court's interpretation of the law in *Bailey v. United States*, 116 S.Ct. 501 (1995), he is entitled to have his judgment imposed under 18 U.S.C. § 924(c)(1) vacated.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

At the time of the petitioner's conviction, 18 U.S.C. § 924(c)(1) imposed a minimum 5-year minimum term of imprisonment upon a person who "during and in

relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm."

The Supreme Court in *Bailey* clarified the requirements to sustain a conviction under the word "use" in § 924(c)(1).  The Supreme Court stated that "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant."  *Bailey*, 516 U.S. at 505.  However, they also stated that the "'carry' prong . . . brings some offenders who would not satisfy the 'use' prong within the reach of the statute."  *Id.* at 509.  In *United States v. Hall*, the Fifth Circuit analyzed the "carry" prong in the statute.  The court held that to sustain a conviction under the "carry" prong, the evidence "must show that the firearm was transported by the defendant, or was within his reach, during and in relation to the predicate crime." *United States v. Hall*, 110 F.3d 1161 (5th Cir. 1997).  The Fourth Circuit has held that evidence indicating that a firearm was immediately or readily available to the defendant clearly would satisfy the possession necessary to constitute "carrying."  *See United States v. Hayden*, 85 F.3d 153, 162 (4th Cir.1996).  In *Fleming v. Olson*, (No. 97-cv-0660, 1998 WL 34093762 (S.D.W.Va. Oct. 14, 1998)), the court held that a loaded gun in the house used as a location to traffic drugs used for protection of drugs, person, and money was sufficient for a reasonable jury to sustain a conviction under Section 924 as defined by the Supreme Court in *Bailey*.

In addition to the conviction in dispute, the petitioner was also convicted of conspiracy to distribute drugs, possession of drugs with intent to distribute, and

maintaining a location for the sale of drugs.  The evidence was sufficient to uphold the conviction under the use prong or the carry prong of the statute and it was in relation to the drug trafficking crime.  A jury could find that the gun was used during the crime when he reached toward the firearm **or** that it was carried due to the availability of the gun in an establishment used to traffic drugs.  The gun was in plain view and could have been used to facilitate the crime.

The Supreme Court's interpretation of the statute in *Bailey* does not change the petitioner's conviction.   After a review of the record, the present motion, and cases cited therein, this Court finds that its prior decision was and is correct as a matter of law. Consequently, this Court must deny the petitioner's motion as it contains nothing that compels this Court to alter its prior Order.   Therefore, the defendant's motion to reconsider is DENIED.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration be DENIED.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
December   2   , 2008

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**